# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

## CIVIL RIGHTS COMPLAINT FORM
## TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

CALVIN LEON GOWINS,
Inmate # T25191
(Enter full name of Plaintiff)

vs.

CASE NO: 3:19cv1510-MCR
(To be assigned by Clerk)

DAVID BLAND, Officer at SRCI,
PAMELA FLORES, Officer at S.R.C.I,
G. KONSAVICH, Officer at SR.C.I,
INDIVIDUALLY AND IN THEIR OFFICIAL
CAPACITIES,

(Enter name and title of each Defendant. If additional space is required, use the blank area below and directly to the right.)

PROVIDED CHARLOTTE FOR MAILING
ON 5/15/19 po C.G.

## ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

FILED USDC FLND PN
MAY 20 '19 PM 1:13

I. **PLAINTIFF:**

State your <u>full name</u>, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff: CALVIN LEON GOWINS
Inmate Number: T25191
Prison or Jail: CHARLOTTE C.I.
Mailing address: 33123 OIL WELL ROAD
PUNTA GORDA, FL. 33955

II. **DEFENDANT(S):**

State the <u>name</u> of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for <u>every</u> Defendant:

(1) Defendant's name: DAVID BLAND
Official position: OFFICER
Employed at: SANTA ROSA C.I.
Mailing address: 5850 E. MILTON Rd.
MILTON, FL. 32583

(2) Defendant's name: PAMELA FLORES
Official position: OFFICER
Employed at: SANTA ROSA C.I.
Mailing address: 5850 E. MILTON Rd.
MILTON, FL. 32583

(3) Defendant's name: G. KONSAVICH
Official position: OFFICER
Employed at: SANTA ROSA C.I.
Mailing address: 5850 E. MILTON Rd.
MILTON, FL. 32583

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

### III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

**Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.**

### IV. PREVIOUS LAWSUITS

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A. Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
Yes( )    No(✓)

1. Parties to previous action:
   (a) Plaintiff(s): _____
   (b) Defendant(s): _____
2. Name of judge: _____  Case #: _____
3. County and judicial circuit: _____
4. Approximate filing date: _____
5. If not still pending, date of dismissal: _____
6. Reason for dismissal: _____
7. Facts and claims of case: _____
   _____

**(Attach additional pages as necessary to list state court cases.)**

B. Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

Yes( )    No(✓)

1. Parties to previous action:
   a. Plaintiff(s): _____
   b. Defendant(s): _____
2. District and judicial division: _____
3. Name of judge: _____  Case #: _____
4. Approximate filing date: _____
5. If not still pending, date of dismissal: _____
6. Reason for dismissal: _____

7. Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list other federal court cases.)**

C. Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes( )   No(✓)

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1. Parties to previous action:
   a. Plaintiff(s): _____
   b. Defendant(s): _____
2. District and judicial division: _____
3. Name of judge: _____   Case #: _____
4. Approximate filing date: _____
5. If not still pending, date of dismissal: _____
6. Reason for dismissal: _____
7. Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list cases.)**

D. Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes( )   No(✓)

1. Parties to previous action:
   a. Plaintiff(s): _____
   b. Defendant(s): _____
2. District and judicial division: _____
3. Name of judge: _____   Case Docket # _____
4. Approximate filing date: _____   Dismissal date: _____
5. Reason for dismissal: _____

6. Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list cases.)**

## V. STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how <u>each</u> Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. <u>Do not make any legal arguments or cite to any cases or statutes.</u> You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. **(If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)**

1. At all times relevant to this case, Plaintiff Calvin Leon Gowins lived and ate all state supplyed meals at Santa Rosa Institution.

2. On Jan. 16, 2018 Defendant P. Flores walked up to address Mr. Gowins about his talking while he was obtaining his Religious Diet Program dinner meal. Upon information and belief Santa Rosa Corr. Insti. Policy dictated that there is to be no talking upon entering dinning hall.

3. P. Flores told Gowins to give her his RDP dinner meal bag, then Flores told Gowins to exit dinning hall without eating. Gowins asked why. Flores told him to shut up he has talked enough already and to follow order.

4. Gowins steped back to put some space between himself and Flores, but Flores steped up closer face to face with Gowins.

5. Gowins told Flores she couldn't deprive him of his food, then Gowins asked to speak with a higher ranking security official (Captain, etc...), but Flores told Gowins if he knew what was good for him he would give up his RDP dinner meal bag and exit the dinning hall without eating.

6. When Gowins refused to give up his only RDP dinner meal bag,

FLORES GRABBED HIS ARM AND GRABBED THE BAG, AT THAT TIME GOWINS CONTINUED HOLDING HIS RDP BAG.

7. FLORES GOT VERY UPSET, THEN SHE BECAME HOSTILE TOWARDS GOWINS, WHILE YELLING OUT THE ENTRANCE DOOR FOR DEFENDANT OFFICER D. BLAND TO COME INTO SOUTH DINNING HALL TO ASSIST RESTRAINING GOWINS FOR AN ALLEGED ASSULT/BATTERY ON HER, WHICH NEVER OCCURED.

8. AT THAT VERY MOMENT BLAND ENTERED THE DINNING HALL WHILE RADIOING FOR ALL AVAILABLE OFFICERS TO ASSIST IN AN ASSULT/BATTERY ON AN OFFICER (FLORES), WHICH SEVERAL OFFICERS INCLUDING OFFICER G. KONSAVICH RAN IN TO ASSIST BLAND.

9. BLAND TOLD GOWINS TO PUT HIS HANDS BEHIND HIS BACK, AT WHICH TIME GOWINS COMPLIED BY LETTING FLORES TAKE HIS RDP DINNER MEAL BAG AND PLACED HIS HANDS BEHIND HIS BACK.

10. THAT IS WHEN BLAND PLACED GOWINS IN HANDCUFFS, DEFENDANT G. KONSAVICH PLACED GOWINS IN LEG RESTRAINTS.

11. ALL THE OFFICERS INCLUDING BLAND, FLORES, AND KONSAVICH TOOK GOWINS OUTSIDE AND SLAMMED HIM AGAINST DINNING HALL WALL AND THEN SLAMMED GOWINS ON THE GROUND WHILE KICKING AND PUNCHING GOWINS ALL OVER HIS BODY AND FACE, AND THEY WERE TWISTING HIS HANDS AND FEET INSIDE THE RESTRAINTS CAUSING THEM TO BLEED.

12. GOWINS WAS SNATCHED UP OFF THE GROUND AT WHICH TIME GOWINS CRIED AND SCREAMED FOR THE BEATING TO STOP, THAT'S WHEN THE DEFENDANTS OFFICERS BLAND AND KONSAVICH USED RACIAL SLURS TOWARD GOWINS, SAYING THINGS LIKE "STOP CRYING WEAK NIGGER", "SOFT NIGGER BOY" AND "I BET YOUR LIMBS HURT MONKEY."

13. Konsavich and another officer escorted Gowins to Medical/Preconfinement without any camera at first while stating "Bet you give up your food next time." At same time Flores and Bland walked behind Gowins threatening to retaliate and have other gang member inmates hurt Gowins, this all occured off camera, then a camera was used once Gowins was already being escorted half way to Medical.

14. Once inside Medical the on duty nurse asked was it an assult on officer? At which time Konsavich stated yes, so the just wrote down no injury's on body charts even though she saw blood on his wrist and ankles.

15. Gowins was finally escorted to confinement without further incident.

16. Once in confinement, Gowins at that time asked for medical attention verbally and through sick call, which he was denied all medical attention the entire time until he healed up, but he still has scars around his wrist and ankles to prove excessive use of force.

17. Gowins contacted security, warden, and state class. officer as well as inspector general asking to be placed on PM status, at which time he told all these officials that he was in fear for his life due to the threats made to him at time of incident by Bland and Flores stating they're going to retaliate by having gang members hurt him.

18. Gowins has been in constant fear of his life the entire time he's been confined and has been scared to eat or sleep properly.

7

19. Gowins has tried to go through the prison grievance system, while confined only to have his same grievances brought back to his door by the defendants co-workers and was told by these same co-workers that if he continued to try to put out grievances the defendants will have physical harm done to him as punishment for mentioning their wrong doings inside of any grievances.

## VI. STATEMENT OF CLAIMS:

20. Plaintiff Gowins reallege and incorporate by reference paragraphs 1-19.

21. Defendants Bland and Konsavich both used excessive force against Plaintiff Gowins by kicking and punching him all over his body and repeatedly twisting his hands and feet inside the restraints until he began to bleed, when Gowins was not violating any prison rule, and was not acting disruptive, but only trying to obtain RDP dinner meal. Defendants Bland and Konsavich's actions violated Plaintiff Gowins rights under the Eighth Amendment of the United States Constitution, and caused Plaintiff Gowins pain, suffering, physical injury, and emotional distress.

22. By initiating as well as witnessing Defendants Bland and Konsavich's illegal actions, failing to correct their misconduct as well as her own misconduct that started the entire situation, and for encouraging the continuation of the misconduct, Defendant Flores is also violating Plaintiff Gowins's rights under the Eighth Amendment of the United States Constitution and causing Plaintiff Gowins pain, suffering, physical injury, and emotional distress.

23. By threatening Plaintiff Gowins with physical violence for exercise of his rights to seek redress from the prison through use of the prison grievance system, Defendants Bland, Flores, and Konsavich is retaliating against Plaintiff Gowins unlawfully, in violation of Plaintiff Gowins's rights under the First Amendment of the United States Constitution. These illegal actions are causing Plaintiff Gowins injury to his First Amendment rights.

24. Plaintiff Gowins has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff Gowins has been and will continue to be irreparably

9

injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which plaintiff seeks.

## VII. RELIEF REQUESTED:

WHEREFORE, Plaintiff respectfully pray that this court enter judgement:

25. Granting Plaintiff Gowins a declaration that the acts and omissions described herein violated his rights under the Constitution and laws of the United States, and

26. A preliminary and permanent injunction ordering defendants Bland, Flores, and Konsavich to cease their physical violence and threats toward Plaintiff Gowins, and

27. Granting Plaintiff Gowins compensatory damages in the amount of $750,000,000 against each defendant, jointly and severally.

28. Plaintiff Gowins seeks punitive damages in the amount of $520,000 against each defendant, jointly and severally.

29. Plaintiff also seek a jury trial on all issues triable by jury.

30. Plaintiff also seek recovery of his costs in this suit, and

31. Any additional relief this court deems just, proper, and equitable.

Respectfully Submitted,

5/15/19
Dated

Calvin Gowins #T25191
Calvin Gowins #T25191

PROVIDED TO
CHARLOTTE CI
ON 5/15/19 FOR MAILING
/s/ C.G.

## VERIFICATION

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING COMPLAINT AND HEREBY VERIFY THAT THE MATTERS ALLEGED THERE IN ARE TRUE, EXCEPT AS TO MATTERS ALLEGED ON INFORMATION AND BELIEF, AND AS TO THOSE, I BELIEVE THEM TO BE TRUE. I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED AT Punta Gorda, Florida ON MAY 15, 2019

_____
(SIGNATURE OF PLAINTIFF)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY UNDER PENALTY OF PERJURY THAT A TRUE AND CORRECT FOREGOING COMPLAINT WAS HAND DELIVERED TO PRISON OFFICIALS FOR MAILING ON THE 15 DAY OF MAY, 2019.

_____
PLAINTIFF

PROVIDED TO CHARLOTTE CI FOR MAILING
ON 5/15/19 BY C.G.

11

CALVIN LEON GOWINS DC# T25191
CHARLOTTE CORRECTIONAL INSTITUTION
33123 OIL WELL Road
PUNTA GORDA, FLORIDA 33955

MAILED FROM STATE
CORRECTIONAL INSTITUTION

CHECKED

CLERK, U.S. District Court
1 NORTH PALAFOX Street
ROOM 226
PENSACOLA, FLORIDA 32502-5658



PROVIDED TO
CHARLOTTE CI
ON 5/15/19
FOR MAILING
/c C.G.